Harmeet SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–4582–ag.

United States Court of Appeals,
Second Circuit.

Aug. 24, 2007.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Thomas B. Fatouros, Trial Attorney, James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Harmeet Singh, a native and citizen of India, seeks review of an August 31, 2006 order of the BIA denying his motion to reopen his removal proceedings. *In re Harmeet Singh*, No. A72 815 197 (B.I.A. Aug. 31, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

■ As a preliminary matter, to the extent that Singh attempts to reargue the merits of the underlying denial of his asylum application, that decision is not properly before this Court. Only the BIA's August 2006 decision is before us as that is the only decision from which a petition for review was timely filed. *See* 8 U.S.C. § 1252(b)(1).

■ The BIA properly denied Singh's motion to reopen as untimely where it was filed nearly eight years after the final order was issued in his case. *See* 8 C.F.R. § 1003.2(c)(2) (an alien must file a motion to reopen within ninety days of the final administrative decision). Moreover, the BIA did not abuse its discretion in finding that Singh failed to present material evidence of changed country conditions in order to satisfy the exception to this bar. *Cf.* 8 C.F.R. § 1003.2(c)(3)(ii); *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir.2005). Neither Singh's bare assertions in his motion nor the newspaper articles he submitted state how country conditions have changed in India, indicating, at most, that some incidents of violence have occurred. Indeed, Singh's allegations that police "still" arrest members of his party and "still" raid his home do not, on their face, suggest that there has been any change.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).